UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
MANES JOSEPH, *pro se*,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiff,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:　　**MEMORANDUM AND ORDER**
　　　　　　　　　-against-　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:　　10-CV-5405 (DLI)(RML)
JOFAZ TRANSPORTATION, INC.,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendant.　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------------- x
**DORA L. IRIZARRY, United States District Judge:**

　　　　Plaintiff Manes Joseph filed the instant action, *pro se*, against his former employer, Jofaz Transportation, Inc., contending that defendant violated the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 (the "ADA") by failing to accommodate his disability and by setting unequal terms and conditions of employment. (*See* Complaint, Doc. Entry No. 1, ¶ 4.) Defendant moved to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that plaintiff failed to establish (i) the nature of his disability, (ii) that he was qualified to perform the essential functions of his job with or without a reasonable accommodation, and (iii) any adverse action taken by defendant. (*See* Def. Mot. to Dismiss, Doc. Entry No. 10.) As more than eight months had passed and plaintiff had not responded to the motion to dismiss, and in light of his *pro se* status, plaintiff was granted leave to file a motion response by December 8, 2011. The court received plaintiff's timely Affidavit/Affirmation in Opposition to Defendant's Motion. (*See* Pl. Aff./Affirm., Doc. Entry No. 15.) Upon due consideration of the parties' submissions and the pertinent legal principles, and for the reasons set forth below, defendant's motion to dismiss is granted; however, it is dismissed without prejudice and with leave for plaintiff to replead.

## BACKGROUND

Plaintiff is a former employee of defendant Jofaz Transportation, Inc. ("Jofaz"). (Compl. ¶ 8.) Plaintiff alleges that, on October 2, 2008, he was involved in a motor vehicle accident on his way home from work, that left him disabled as of that date. (*Id*.) Plaintiff asserts that defendant engaged in unspecified discriminatory conduct against him on October 2, 2008, including refusing to supply a disability form that he had requested. (*Id*.) Plaintiff filed the instant action under the ADA, asserting claims for failure to accommodate and for unequal terms and conditions of employment. (Comp. ¶ 4.)

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Twombly*, 550 U.S. at 555.

On a Rule 12(b)(6) motion, the court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Taylor v. Vt. Dep't of Educ.*, 313 F. 3d 768, 776 (2d Cir. 2002). The court may only consider the pleading itself, documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when

bringing suit, and matters of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.,* 282 F. 3d 147, 153 (2d Cir. 2002); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F. 3d 69, 72 (2d Cir. 1995).

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

## DISCUSSION

"To establish a prima facie case of discrimination under the ADA, a plaintiff must show (a) that his employer is subject to the ADA; (b) that he is disabled within the meaning of the ADA or perceived to be so by his employer; (c) that he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (d) that he suffered an adverse employment action because of his disability." *Brady v. Wal-Mart Stores, Inc.*, 531 F. 3d 127, 134 (2d Cir. 2008) (*citing Jacques v. DiMarzio, Inc.*, 386 F. 3d 192, 198 (2d Cir. 2004)). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading,

3

concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). "[A] major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." 42 U.S.C. § 12102(2)(B).

Plaintiff has failed to establish that he has a "disability" within the meaning of the ADA. In his complaint, plaintiff states that he is disabled from a car accident, but provides no further detail. The Court must dismiss the action unless plaintiff provides greater detail regarding the nature and extent of his injury. *See Broderick v. Research Found. of State Univ. of N.Y.*, 2010 WL 3173832, at *2 (E.D.N.Y. Aug. 11, 2010) (dismissing an ADA complaint because it failed to identify what "major life activity" was substantially limited by her injury).

As noted by defendant, plaintiff seems to make mutually inconsistent claims. On the one hand, plaintiff claims his disability entitles him to disability insurance benefits under the Social Security Act. On the other hand, plaintiff now contends he was qualified to perform the essential functions of his former job, with or without reasonable accommodations.

This issue arises outside the context of the complaint, but the issue merits some preliminary discussion. In his *in forma pauperis* application ("IFP Application"), plaintiff stated he became disabled in "October 2008" and was awarded monthly disability benefits under the Social Security Act. (*See* IFP Application, Doc. Entry No. 2, pp. 1-2.) To prevail on a claim for disability insurance benefits under the Social Security Act, plaintiff must have successfully established that he was disabled within the meaning of the Social Security Act. *See* 42 U.S.C. § 423(a), (d). A claimant demonstrates disability status by showing that he or she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not

less than 12 months." 42 U.S.C. § 423(d)(1)(A). Further, a claimant must establish that they are unable to perform "past relevant work." 20 C.F.R. § 416.920(f).

Neither the record nor the complaint address whether plaintiff definitively established these requirements. However, to the extent that plaintiff filed an application for disability insurance benefits, his prior statements before the Social Security Administration have the potential to be in direct conflict with what he will be required to demonstrate in this ADA discrimination case. For example, in this case, plaintiff must demonstrate that at the time he suffered an adverse, discriminatory action at the hands of his employer, "he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation." In the complaint, he alleges that he suffered a discriminatory act on October 2, 2008 (Compl. ¶ 5). Thus, he would need to establish that he was qualified to perform essential functions as of October 2, 2008. However, in his IFP Application, he stated that he has been disabled since an unspecified date in October 2008. Based on these assertions, it is probable that an irreconcilable conflict exists. "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position . . . ." *DeRosa v. National Envelope Corp.*, 595 F. 3d 99, 103 (2d Cir. 2010) (*quoting New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).

"The interaction of statements made in applications for social security disability benefits and ADA claims is not a new issue for the courts." *DeRosa*, 595 F. 3d at 102. In *Cleveland v. Policy Mgt. Sys. Corp.*, 526 U.S. 795, 802-06 (1999), the Supreme Court set forth the framework for analyzing whether an ADA plaintiff is estopped from litigating her claim when she previously was awarded disability benefits under the Social Security Act. "In *Cleveland*, the Court held that the mere fact that a plaintiff files for social security benefits (and thus, represents

5

herself to be disabled) does not create a presumption that she is unable to perform the essential functions of her job, and thus, unable to prove an ADA claim." *DeRosa*, 595 F. 3d at 102-03 (*citing Cleveland*, 526 U.S. at 802-03). "The Court emphasized that the statutory schemes have different definitions of disability; the ADA includes the notion of reasonable accommodation, whereas the SSDI system does not." *Id*. at 103 (*citing Cleveland*, 526 U.S. at 803). "The Court noted, however, that a sworn assertion in an SSDI application that someone is 'unable to work' could negate an element of an ADA claim unless the plaintiff offers sufficient explanation for the apparent contradiction." *Id*. (*citing Cleveland*, 526 U.S. at 806). The Court explained that its holding did not displace traditional estoppel analysis with respect to purely factual assertions; rather, the Court sought to prevent a per se barrier to litigation of claims filed under the ADA, which has one definition of "disability," when a plaintiff previously filed for disability benefits under the Social Security Act, which has a different definition. *Id*.

It remains to be seen whether the statements and supporting evidence plaintiff submitted in connection with his application for disability benefits under the Social Security Act will operate as a bar to litigation of this action under the ADA. It is inappropriate for this court to rule on this issue at this time. If the plaintiff files an amended complaint, and the complaint is not dismissed on other grounds, the court will direct the parties to engage in discovery on this limited, and possibly dispositive, issue. When discovery is complete, if defendant believes that plaintiff will be unable to establish this element of his prima facie case because he made contrary factual assertions in his application for disability benefits under the Social Security Act, defendant should request a pre-motion conference to brief the issue for summary judgment.

**CONCLUSION**

For the reasons set forth above, the motion to dismiss is granted, but without prejudice and with leave for plaintiff to replead the complaint with greater detail regarding the injury suffered and the manner in which the injury resulted in a substantial limitation of one or more of plaintiff's major life activities. In light of plaintiff's *pro se* status, plaintiff is granted thirty (30) days from the date of this Order, *i.e.,* until April 12, 2012, to file an amended complaint. The amended complaint must be captioned as an "Amended Complaint," name all defendants in the caption, and bear the same docket number as this Order. The amended complaint must also comply with Rule 8(a) of the Federal Rules of Civil Procedure. For the convenience of plaintiff, and in light of his *pro se* status, instructions on "How to Amend a Complaint" are attached to this Order. If plaintiff fails to amend his complaint by April 12, 2012, and/or the amended complaint fails to correct the deficiencies noted in this Order or otherwise fails to satisfy pleading or jurisdictional requirements, the complaint will be dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 12, 2012

                                      /s/
                            DORA L. IRIZARRY
                        United States District Judge